IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PINNACLE BIOFUELS, INC.                                                             PLAINTIFFS

V.                                    Civil No. 1:12-cv-1120

GULF HYDROCARBON, INC. and
GULF HYDROCARBON PARTNERS, Ltd.                                         DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment (ECF No. 18) filed on behalf of Plaintiff Pinnacle Biofuels, Inc. ("Pinnacle Biofuels").  After the Court filed a Show Cause Order (ECF No. 21), Defendants Gulf Hydrocarbon Inc., and Gulf Hydrocarbon Partners, Ltd., ("Gulf Hydrocarbon") responded.  (ECF No. 22).   However, Defendants failed to file a brief in support of their response or a statement of facts.  On February 11, 2014, the Clerk of the Court filed a Notice of Deficiency directing Defendants to immediately remedy their deficient response. (ECF No. 23).  Defendants have failed to remedy the deficiency.  This matter is ripe for the Court's consideration.

## BACKGROUND

From January 20, 2012, through March 26, 2012, Gulf Hydrocarbon purchased biofuel products from Pinnacle Biofuels.  The purchases amounted to $1,336,391.28.  Subsequently, Pinnacle Biofuels gave Gulf Hydrocarbon a credit of $468,923.60.  The credits reduced Gulf Hydrocarbon's debt to $867,467.68.  However, Gulf Hydrocarbon failed to pay Pinnacle Biofuels the remaining debt.  The Chief Financial Officer of Gulf Hydrocarbon, Roland Jimenez, admitted in a deposition that Gulf Hydrocarbon owed Pinnacle Biofuels $867,467.68.  (ECF No. 20).

Unable to collect the remaining debt, Pinnacle Biofuels brought suit in this Court. Subsequently, Pinnacle Biofuels filed the Motion for Summary Judgment that is currently before the Court.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953 (8th Cir.1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported

motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Gulf Hydrocarbon's response failed to include a brief or a statement of facts. Thus, Gulf Hydrocarbon has failed to set forth facts showing there is a genuine issue for trial and is deemed to have admitted all of the facts articulated in Pinnacle Biofuel's statement of undisputed facts. Local Rule 56.1(c). Pinnacle Biofuel's statement of undisputed facts reports that Gulf Hydrocarbon failed to pay Pinnacle Biofuels $867,467.68 for the purchase of biofuel products. Accordingly, Pinnacle Biofuels is entitled to summary judgment in the amount of $867,467.68 plus interest.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion for Summary Judgment (ECF No. 18) should be and hereby is **GRANTED**. Plaintiff is entitled to judgment in the amount of $867,467.68 plus interest. An order of even date consistent with this Opinion shall issue.

**IT IS SO ORDERED**, this 4th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge